NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARLON LORENZO BROWN, | No. 24-5505 |
| Plaintiff - Appellant, | |
| v. | D.C. No. 2:17-cv-02396-APG-BNW |
| DANTE TROMBA; LAS VEGAS METROPOLITAN POLICE DEPARTMENT; EASY BAIL, LLC; MIKE SLYMAN; CLARK COUNTY NEVADA; NEVADA EIGHTH JUDICIAL DISTRICT COURT; JOSEPH LOMBARDO; DAMIAN R. SHEETS; AMERICAN SURETY; FALLER; CITY OF LAS VEGAS; GARY MODAFFERI Esquire, Attorney; STEVE WOLFSON; DANAE ADAMS; BRUCE NELSON; CLARK COUNTY DISTRICT ATTORNEY'S OFFICE, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted May 26, 2026**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Nevada state prisoner Marlon Lorenzo Brown appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action relating to his pretrial detention. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018). We affirm.

The district court properly dismissed Brown's Fourth Amendment false arrest claim against Dante Tromba because Brown did not allege the violation of any clearly established rights. *See Cuevas v. City of Tulare*, 107 F.4th 894, 898 (9th Cir. 2024) ("Qualified immunity protects government officials from liability under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." (citation and internal quotation marks omitted)); *see also District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018) (explaining that "clearly established" means that the constitutional question was "beyond debate," such that every reasonable official would understand that what he is doing is unlawful).

The district court properly dismissed Brown's judicial deception claim as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Brown concedes that success on this claim would necessarily imply the invalidity of his conviction, and Brown has not demonstrated that his conviction has been invalidated. *See Heck*,

512 U.S. at 487 (holding that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

The district court properly dismissed Brown's equal protection claim because Brown failed to allege facts sufficient to show that he was intentionally treated differently from others similarly situated without a rational basis for the difference in treatment. *See SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1122-23 (9th Cir. 2022) (setting forth elements of a "class-of-one" equal protection claim).

The district court properly dismissed Brown's municipal liability claims against Clark County and Las Vegas Metropolitan Police Department ("LVMPD") because Brown failed to allege facts sufficient to show that he suffered a constitutional violation as a result of an official policy or custom. *See Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 602-03 (9th Cir. 2019) (explaining requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)).

The district court properly dismissed Brown's state law negligent hiring, training, supervision, and retention claim against LVMPD because LVMPD is immune from liability. *See Paulos v. FCH1, LLC*, 456 P.3d 589, 595 (Nev. 2020)

(explaining requirements for discretionary immunity under Nevada law, and holding that discretionary immunity bars a negligent hiring, training, and supervision claim).

The district court properly denied Brown's motion for summary judgment because it properly dismissed Brown's action. *See Pruitt v. Cheney*, 963 F.2d 1160, 1162-63, 1167 (9th Cir. 1991), *amended* (May 8, 1992) (setting forth standard of review and holding that denial of an affirmative motion for summary judgment is proper when underlying claims have been properly dismissed).

The district court did not abuse its discretion by denying Brown's motion for reconsideration because Brown failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e)).

The district court did not abuse its discretion by denying Brown's motion for sanctions because Brown failed to demonstrate any sanctionable conduct. *See Magnetar Techs. Corp. v. Intamin, Ltd.*, 801 F.3d 1150, 1155 (9th Cir. 2015) (setting forth standard of review); *see also* Fed. R. Civ. P. 37(c)(2) (setting forth requirements for a motion for sanctions for a failure to admit).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

4                                                                    24-5505

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**